May it please the Court, Neha Sharma for the State. And as the defendant was convicted of armed violence and aggravated battery to a pregnant person, he was sentenced to 15 years. He is now appealing, arguing sufficiency of the evidence and an excessive sentence. And I know the defendant has waived, so this will be quick. I just wanted to briefly touch on the sufficiency issue and take any questions you might have, as this is a theft-intensive case. The defendant argues he was not proven guilty beyond a reasonable doubt because the testimony of the State's witnesses at trial varies to some degree. I want to express those discrepancies and some reasons why they exist. The record reveals that in question the defendant was at the home he shared with his then-pregnant girlfriend, Gracie Olmstead. They had about five or six friends over. The defendant was inside the house while everyone else was outside on the front lawn drinking. At some point, two of the friends got into a fight. Ms. Olmstead went inside the house to retrieve the defendant to come outside and break up the fight. As the defendant points out in his brief, the testimony of the various witnesses at trial varies as far as what time all the witnesses arrived at the defendant's house, what time they began drinking, where the defendant went after he initially emerged from the house to break up the fight, and who had appeared with stab first, his girlfriend, Gracie Olmstead, or another witness, another friend of the party, Joshua Bowie. The discrepancies can probably be attributed to three factors. First, this trial took place about five months after this night in question. These discrepancies that the defendant points out undermine the State's case or are actually very small discrepancies. They're not of the magnitude that he describes. In a five-month gap, it is reasonable to suspect that some memory as far as what time people arrived at a party, where they were standing, is going to vary. Is it possible that the fact that they were all drunk would have anything to do with their inconsistent testimony? That was my second point. That's exactly where I was looking at. Our second point is they had been drinking for many hours. The defendant himself testified that he drank so much that he had blacked out and he didn't remember the contents of the evening. Finally, all the witnesses were standing at various points in the yard. Some of their attention was diverted to that fight. Some of them were watching the defendant. The fact that one person says Joshua Bowie was stabbed first, somebody says Gracie Olmstead was stabbed first, doesn't really make a difference. There wasn't any testimony by any of the witnesses that someone else stabbed the two victims? No, Your Honor. There is no other suspects present. No other weapons were found. While the burden does rest on the state, we would certainly argue that the jury was able to consider the fact that none of the state's testimony was rebutted with any sign of any other possible suspect. And he was found with a knife on him? He was found with two knives. One of the knives appeared to have blood on it. I only say appeared because it was never tested. Therefore, we can't conclusively say it was blood, but this type of evidence was clearly enough for a jury to examine the credibility of the defendant, the credibility of the witnesses, and come to the conclusion that despite these minor discrepancies, the defendant was guilty beyond a reasonable doubt. That's really all I wanted to point out. If you, Your Honor, have any questions on the sentencing issues or any other questions, I'll conclude. I don't think so. Thank you. Thank you. Thank you. Thank you.